Mrs. SARAH L. McMURPHY, wife of OSCAR ROUBIEN, *v.* BELL & HAG-GERTY et als.

Where an injunction was sued out by the plaintiff restraining the defendants from selling her separate property, seized as community property, for her husband's debt ; and where a legal separation of property had taken place, charged to have been obtained by collusion—*Held :* That the schedule of insolvent proceedings of her husband against his creditors, was proper evidence to show his embarrassed circumstances, and the validity of her judgment against him.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.
*M. M. Reynolds,* for plaintiff and appellant. *G. P. McPheeters,* for appellee.

LAND, J. This suit was commenced by injunction, to arrest the sale of a slave seized under an execution against the plaintiff's husband, upon the ground that she had been separated in property from her husband by a judgment, and was the owner, in her own separate right, of the slave seized under the writ.

The answer of the defendants denies the legality of the separation, and charges that the judgment had been obtained by collusion, and on insufficient evidence, for the purpose of protecting the husband's property from the pursuit of his creditors. It likewise denies the plaintiff's separate title; and further charges, that the slave is community property, and subject to seizure and sale for the satisfaction of her husband's debts.

We are unable to pass upon the merits of the case, by reason of a bill of exceptions taken by the plaintiff to the ruling of the Judge on the trial in the court below. The plaintiff offered in evidence the schedule in the insolvent proceedings of her husband against his creditors, in the Fourth District Court, which was rejected by the Judge, upon the grounds that the schedule was *res inter alios acta,* and irrelevant to the issues under the pleadings. The Judge erred in rejecting this evidence. The answer imposed upon the plaintiff the burden of establishing by proof the validity of her judgment; and for this purpose it was necessary for the plaintiff, under the pleadings, to prove the facts which entitled her to a judgment of separation in property from her husband, that is to say, to prove his *embarrassed circumstances* at the date of her judgment. And in making this proof, the plaintiff had the right to offer the schedule which had been filed in court as *prima facie* evidence of her husband's insolvency at the date of his surrender; and then to trace his embarrassed circumstances by testimony back to the date of her judgment. The plaintiff could not be controlled in the order of introducing her testimony, and the fact that the surrender was subsequent in point of time to the rendition of the judgment, was no objection to the introduction of the schedule in evidence. Whether the schedule would have sustained the validity of the judgment, was a question relating to its sufficiency as proof, and not to its admissibility.

Under the pleadings in the case, the only question of fact material, *in respect to the judgment,* is, whether the circumstances of the husband at the date of the judgment were so embarrassed as to entitle the plaintiff to a separation of property; for if so, the judgment is valid, and enabled the plaintiff to purchase property in her own name and right, and to hold it free

47

McMurphy
v.
Bell & Haggerty.

from the debts and liabilities of her husband. The plaintiff is not seeking to enforce the *money part* of her judgment on her husband's property adversely to his creditors, but to maintain her title to a slave purchased in her own name, and on her own personal credit, since the date of her judgment; and consequently, the question which has been raised as to the amount of paraphernal property received and used by her husband, and for which the plaintiff has a judgment, is wholly immaterial to the merits of this case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be reversed, and that this case be remanded for a new trial and further proceedings according to law, with instructions to the District Judge to receive in evidence the schedule in the insolvent proceedings of Oscar Roubien against his creditors, offered by the plaintiff on the trial of the case; and that the defendants pay the costs of this appeal.